Lyons, Judge,
delivered the resolution of the court.
The objection that the appellees cannot intrude themselves into the contract of Rogers, and insist upon the performance of it, is immaterial. For the contract is already confirmed by the decree in the former suit; and, as Pollard made Mrs. Coleman a party to that suit, and Rogers has left the state, she has a right to avail herself of the benefit of those proceedings in the best manner she can : and it is not perceived that Pollard can sustain any injury from the course pursued ; for the release of the plaintiffs will complete his title to the whole of the land ; and it must be unimportant to him who gets the money, provided he is discharged. For this court did not intend, by the decree in the former suit, that there should be an issue directed at all events, if the plaintiff Catharine did not release within six months after she came of age, should circumstances render it proper to dispense with it. The decree, as to that, meant to provide for the safety of Pollard, in case Catharine should appear to be. entitled, and refused to convey: in which event a jury was to ascertain the loss incurred by his having that part of the land taken from him. But, if instead of taking away the land, she conveys it without any addition to the price, his safety is completely attained; and there is no occasion for the issue, so far as respects Pollard.Besides the release offered is, in substance, a compliance with the decree; for the six months term was a limit which a court of equity would have relieved against, as Pollard was in possession, and could sustain no injury by the delay.
With regard to Rogers, the suit is against him as an absent defendant. The bill charges that Larkin Rogers died under age; and, in consequence thereof, that the plaintiff *249 Catharine has become entitled to a sixth part of his moiety of the land; but that she is willing to confirm the sale, aqd to take her proportion of the purchase money. The defendant Rogers has not answered the bill; and therefore it must, as to him, be taken to be true. But, if so, there is no reason why the plaintiffs should not be permitted to ratify the sale, and take their share of the purchase money. For the election can do no prejudice to any body: not to Pollard, because he gets the land he bought: not to Rogers, because he is not entitled to this part of the money, and gets all the rest? without the risque of damages and costs, in consequence of eviction. So that, as to him, it is like the sale of a chattel by the finder; in which case, the true owner may either pursue the chattel, or bring indebitatus assumpsit against the vendor for the price. In short, Pollard, upon obtaining the release, will owe the money; and as Rogers, were he to receive it, would owe it to the plaintiffs, the latter have a right to be substituted for him, and to demand it of Pollard.
As to the bond, the answer given by the appellee’s counsel is satisfactory. ' It was intended to indemnify Rogers, and not Pollard, who would be indemnified by the decree.
The order that both defendants shall pay the costs, does not injure the appellant; for there will be a surplus of the £200, out of which he may retain them.
The decree is therefore affirmed.